UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID FLORENCE, CDCR #H-42260,<br><br>Plaintiff,<br><br>vs.<br><br>A. BENROSTROL, et al.,<br><br>Defendants. | Case No.: 3:19-cv-00446-CAB-KSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 9]** |

### I.     Procedural History

On March 6, 2019, Plaintiff, David Florence, an inmate currently incarcerated at North Kern State Prison ("NKSP") located in Delano, California filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).  In addition, Plaintiff filed a certified copy of his inmate trust account statement which the Court liberally construed as a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

On April 22, 2019, the Court GRANTED Plaintiff's Motion to Proceed IFP and sua sponte DISMISSED his entire Complaint for failing to state a claim upon which relief

may be granted pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A.  (ECF No. 3.)  In addition, the Court found that Plaintiff's Complaint, which was nearly one hundred and fifty (150) pages and named forty-five (45) defendants violated Rule 8 of the Federal Rules of Civil Procedure.  (*Id.* at 4-5.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 9.)   On June 18, 2019, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

However, the Court found that Plaintiff failed to correct any of the deficiencies noted in the Court's previous Order and all the claims in his FAC were barred by the applicable statute of limitations.  (ECF No. 6 at 3-6.)  Plaintiff has now filed a "Motion for Reconsideration" of the Court's July 12, 2019 Order.  (ECF No. 9.)

## II. Plaintiff's Motion for Reconsideration

### A. Plaintiff's Arguments

In his Motion, Plaintiff argues that he is entitled to tolling of his claims "while he exhausts his administrative remedies."  Pl.'s Mtn. at 5; citing *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) (holding that an inmate is entitled to the tolling of the applicable statute of limitations while they are exhausting their administrative remedies as required by 42 U.S.C. § 1997e(a)).  In addition, while Plaintiff acknowledges that he is serving a life sentence without the possibility of parole, California courts have liberally construed California's statutory law allowing for an additional two years of tolling only for inmates who are serving a sentence of a "term for less than life." Pl.'s Mtn. at 9; citing CAL.CIV.PROC. CODE § 352.1.

### B. Standard of Review

Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

/ / /

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b)*; School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

On the face of Plaintiff's Complaint and FAC, he clearly indicates that the events giving rise to his claims occurred in 2013 and up to September of 2014. *See* Compl. at 1; FAC at 1. Plaintiff filed this action on March 6, 2019. *See* Compl. at 1. Thus, he filed his action approximately four and one-half years after the alleged constitutional violations occurred.

As the Court informed Plaintiff in both its April 22, 2019 and July 12, 2019 Orders, because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999).

California law allows for a two year statute of limitations. CAL. CIV. PROC. CODE § 335.1. In addition, as stated above, inmates serving a term of less than life receive an additional two years of statutory tolling. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Plaintiff acknowledges that he is serving a sentence of life without the possibility of parole. Pl.'s Mtn. at 4. However, even if the Court were to allow Plaintiff the extra two years of statutory tolling, his claims would still be untimely by a period of at least six months.

Plaintiff also argues, correctly, that he is entitled to tolling for the duration of time that he took the steps to properly exhaust his administrative remedies. Pl.'s Mtn. at 5; citing *Valoff*, 422 F.3d at 943. However, Plaintiff offers no plausible factual allegations regarding his attempts to exhaust his administrative remedies. Moreover, he does not

attach any exhibits to his Complaint, FAC, or his current Motion that would document his attempts to exhaust his administrative remedies. Therefore, Plaintiff is not entitled to any additional tolling pursuant to *Valoff*.

### III. Conclusion and Order

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 9).

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: September 10, 2019

Hon. Cathy Ann Bencivengo
United States District Judge